UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1704 SGL (DTBx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | Aurora Loan Servs. v. Michael Green and Trisha A. Kyles | | |

| Present: The Honorable | Stephen G. Larson | |
|---|---|---|
| | Cindy Sasse | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | N/A | N/A |

**Proceedings:**     **ORDER REMANDING CASE**

The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to San Bernardino County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law to which the removing defendant intends to assert a federal defense. The assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

The Notice of Removal also purports to invoke the Court's diversity jurisdiction, but the requirements therefor are not met. Defendants report that they are residents of California; however, they fail to allege the citizenship of plaintiff Aurora Loan Services. Moreover, although defendants state that the amount in controversy exceeds $75,000, the complaint expressly limits the amount in controversy to less than $10,000. In order to invoke the Court's diversity jurisdiction, the defendants must show both that they are citizens of a different state than is plaintiff, and they must show that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1704 SGL (DTBx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | Aurora Loan Servs. v. Michael Green and Trisha A. Kyles | | |

Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendants, who reports their address as the property at issue in this action (located in Fontana, California), are clearly forum defendants who may not remove a state-court action.  See 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court **HEREBY REMANDS** the present action to San Bernardino County Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**

                                                                                    _____ : _____
                                                        Initials of Preparer   cls